ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| JOSÉ OSCAR HERNÁNDEZ CRESPO, YEISHA MARGARITA MORALES FERRER, AMBOS POR SÍ Y EN REPRESENTACIÓN DE SUS HIJOS MENORES DE EDAD RAHM Y ROHM<br>Recurrido<br><br>v.<br><br>ENRIQUE ALEJANDRO FIGUEROA<br>Peticionario | KLCE202301170 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Bayamón<br><br>Caso Número: BY2023CV02095<br><br>Sobre: Incumplimiento de contrato y daños |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores

Rivera Marchand, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 29 de abril de 2024.

Comparece ante nosotros Enrique Alejandro Figueroa (Sr. Alejandro Figueroa o peticionario) y solicita que revoquemos la *Orden*[1] del Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI o foro primario), emitida y notificada el 28 de septiembre de 2023. En ella, el TPI denegó la *Moción en Solicitud de Reconsideración a Autorización para Emplazar por Edicto al Señor Enrique Alejandro Figueroa*[2] que instó el peticionario.

Por los fundamentos que expresamos a continuación, expedimos el auto de *certiorari*, revocamos el dictamen recurrido, dejamos sin efecto la *Orden* que autoriza emplazar al peticionario por edicto y devolvemos el asunto al foro primario para la continuación de los procedimientos. Veamos.

**I.**

El presente pleito se originó con la presentación de una *Demanda*[3] sobre incumplimiento de contrato y daños y perjuicios

---

[1] Apéndice, pág. 86.
[2] Apéndice, págs. 65-73.
[3] Apéndice, págs. 45-52.

Número Identificador:

SEN2024_____

que incoaron José Oscar Hernández Crespo y Yeisha Margarita Morales Ferrer -por sí y en representación de sus hijos menores de edad, RAHM y ROHM (recurridos)-, en contra del peticionario. Luego de varias incidencias procesales que resultan innecesarias pormenorizar, el 11 de agosto de 2023, el TPI declaró ha lugar una solicitud de emplazamiento por edicto[4] instada por los recurridos y, en su consecuencia, notificó una *Orden*[5] en la cual autorizó la expedición de un emplazamiento por edicto dirigido al Sr. Alejandro Figueroa. Con posterioridad, el foro primario dio por cumplida la publicación y notificación del emplazamiento por edicto mediante una *Orden*[6] notificada el 22 de agosto de 2023.

En desacuerdo, el 11 de septiembre de 2023, el Sr. Alejandro Figueroa presentó el escrito intitulado *Moción en Solicitud de Reconsideración a Autorización para Emplazar por Edicto al Señor Enrique Alejandro Figueroa.* En su petitorio expuso que, "[e]l 10 de agosto de 2023, la parte demandante solicitó emplazar al demandado por edicto en el SUMAC 13, y acompañó con dicha solicitud una declaración jurada del emplazador Pedro Acevedo."[7] Subsiguientemente, en el párrafo 4 de dicha moción suplicó: "En síntesis, la parte demandada sin someterse a la jurisdicción de este Honorable Tribunal, solicita que se reconsidere dicha Orden y Resolución".[8] Arguyó además que, la declaración jurada en la cual los recurridos sustentaron su solicitud para emplazar por edicto no cumple con los requisitos que establece la Regla 4.6 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 4.6, por presuntamente ser escueta, genérica y carecer de especificidad en cuanto a las gestiones infructuosas realizadas, dirigidas a efectuar un emplazamiento personal.

---

[4] Apéndice, págs. 53-57.
[5] Apéndice, pág. 58.
[6] Apéndice, pág. 64.
[7] Apéndice, pág. 65.
[8] *Íd.*

En respuesta los recurridos replicaron[9] y expusieron que, el petitorio de reconsideración que instó el peticionario relacionado a la orden (notificada el 11 de agosto de 2023) en la cual se autorizó el edicto, debe ser rechazado de plano. Ello, por haberlo presentado transcurrido el término de quince (15) días que dispone la Regla 47 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 47. Además, expusieron su postura sobre la validez del edicto.

Evaluado lo anterior, el 28 de septiembre de 2023, el foro primario dictó una *Orden* en la que determinó lo siguiente: "Examinados los escritos, no ha lugar a la reconsideración de la determinación de emplazamiento por edicto".[10]

Inconforme, el Sr. Alejandro Figueroa presentó un escrito intitulado *Moción en Solicitud de Reconsideración a Resolución de 28 de septiembre; II. Moción en Solicitud de Vista Evidenciaria y/o Argumentativa.*[11] Allí, el peticionario hizo constar que, "[e]l hecho de que se haya puesto en el título la palabra de reconsideración en el título, [sic] ello no significa que sea una reconsideración bajo la Regla 47 de Procedimiento Civil, sino que este Honorable Tribunal la debió atender como una moción bajo la Regla 10.2 de Procedimiento Civil en torno a la insuficiencia del emplazamiento por edicto."[12]

En reacción, el TPI notificó otra *Orden* el 6 de octubre de 2023 mediante la cual denegó el petitorio del Sr. Alejandro Figueroa e hizo constar "[y]a se había presentado una solicitud de reconsideración a dicha determinación y fue atendida."[13]

Disconforme aún, el 23 de octubre de 2023, el peticionario insta el recurso de *certiorari* de epígrafe en el cual señala la comisión de dos errores:

---

[9] Apéndice, págs. 74-85.
[10] Apéndice, pág. 86.
[11] Apéndice, págs. 87-94.
[12] Apéndice, pág. 88.
[13] Apéndice, pág. 95.

Erró el Tribunal de Primera Instancia al no realizar el ejercicio de considerar todos los recursos razonablemente accesibles al demandante para intentar encontrar a la persona a ser emplazada y si tales recursos fueron agotados con toda posibilidad razonable, previo a autorizar el emplazamiento por edicto.

Erró el Tribunal de Primera Instancia al autorizar el emplazamiento por edicto del demandado, ya que el demandante incumplió con los requisitos de la Regla 4.6 de Procedimiento Civil y la jurisprudencia en apoyo para autorizar dicho mecanismo de notificación de demanda.

El 2 de noviembre de 2023, emitimos una *Resolución* mediante la cual desestimamos el recurso de epígrafe por falta de jurisdicción. La referida *Resolución* fue objeto de revisión ante el Tribunal Supremo y mediante un dictamen emitido el 27 de febrero de 2024 (CC-2023-0796) el Alto Foro expidió el auto solicitado, revocó el dictamen recurrido y devolvió el caso ante nos para su atención en los méritos.

En cumplimiento con lo anterior, concedimos un término a los recurridos para exponer su posición en torno a la petición de *certiorari*. Con el beneficio de su comparecencia, resolvemos.

**II.**

**A.** *Certiorari*

El recurso de *certiorari* es un auto procesal extraordinario por el cual un peticionario solicita a un tribunal de mayor jerarquía que revise y corrija las determinaciones de un tribunal inferior. *Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros*, 2023 TSPR 65, resuelto el 8 de mayo de 2023; *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023). Es norma reiterada que, una resolución u orden interlocutoria, contrario a una sentencia, es revisable ante el Tribunal de Apelaciones mediante auto de *certiorari. Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros,* supra. A diferencia del recurso de apelación, el tribunal

revisor tiene la facultad de expedir el auto de *certiorari* de manera discrecional. *Torres González v. Zaragoza Meléndez,* supra.

Por su parte, la Regla 52.1 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1*,* limita la facultad que tiene el foro apelativo intermedio para revisar las resoluciones u órdenes interlocutorias que emite el foro primario. *Caribbean Orthopedics v. Medshape, et al.,* 207 DPR 994 (2021). Esa regla establece que el recurso de *certiorari* solo se expedirá cuando se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo. *Torres González v. Zaragoza Meléndez,* supra.

No obstante, la citada Regla 52.1, también dispone que el tribunal apelativo, en su ejercicio discrecional y por excepción, podrá expedir un recurso de *certiorari* cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, en asuntos relacionados a privilegios evidenciarios, en casos de anotaciones de rebeldía, en casos de relaciones de familia, en casos revestidos de interés público o en cualquier otra situación en la que esperar a una apelación constituiría un fracaso irremediable a la justicia. *Íd.* El delimitar la revisión a instancias específicas tiene como propósito evitar las "dilaciones innecesarias, el fraccionamiento de causas y las intervenciones a destiempo." *Íd.*; Véase, además, *Scotiabank v. ZAF Corp., et al.*, 202 DPR 478, 486-487 (2019).

Por otro lado, el examen que hace este Tribunal previo a expedir un auto de *certiorari* no se da en el vacío ni en ausencia de otros parámetros. *Torres González v. Zaragoza Meléndez,* supra. A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, señala los criterios que debemos tomar en consideración al evaluar si procede expedir el auto de *certiorari*.

*Banco Popular de Puerto Rico v. Gómez Alayón y otros,* 2023 TSPR 145, resuelto el 19 de diciembre de 2023. La citada Regla dispone:

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

El foro apelativo debe ejercer su facultad revisora solamente en aquellos casos en los cuales se demuestre que el dictamen emitido por el foro de instancia es arbitrario o constituye un exceso de discreción. *Banco Popular de Puerto Rico v. Gómez Alayón y otros,* supra.

### B. Emplazamiento por edicto y la Regla 10.2

El emplazamiento es el mecanismo procesal utilizado para permitirle al tribunal adquirir jurisdicción sobre la parte demandada. *Ross Valedón y otro v. Hospital Dr. Susoni Health Community Services, Corp. y otros,* 2024 TSPR 10, resuelto el 7 de febrero de 2024. A través del emplazamiento, la parte demandada queda notificada de que se ha presentado una acción judicial en su contra de manera que dicha parte pueda ejercer su derecho a ser oída y a defenderse. *Íd; Caribbean Orthopedics v. Medshape et al.,*

207 DPR 994 (2021). Ahora bien, nuestro más Alto Foro enfatizó que la falta de un emplazamiento correcto "produce la nulidad de la sentencia dictada por falta de jurisdicción sobre el demandado". *SLG Rivera-Pérez v. SLG Díaz-Doe et al.*, 207 DPR 636, 647 (2021).

En nuestro ordenamiento procesal, el emplazamiento puede ser personal o a través de la publicación de un edicto. Reglas 4.4 y 4.6 de las Reglas de Procedimiento Civil, *supra*. Además, debe ser diligenciado dentro del término de ciento veinte (120) días a partir de la presentación de la demanda o una vez se autoriza y se expide el emplazamiento. Regla 4.3 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 4.3.

El tribunal podrá autorizar que el emplazamiento sea por edicto cuando la persona a ser emplazada esté fuera de Puerto Rico; o estando en Puerto Rico no pudo ser localizada; o se oculte para no ser emplazada, en cuyo caso, la parte demandante tendrá que hacer constar, mediante una declaración jurada del emplazador, las diligencias que realizó para emplazar a la parte demandada. Como se sabe, de la referida declaración jurada y de la demanda también deberá surgir, que, existe una reclamación que justifique la concesión de algún remedio en contra de la persona que ha de ser emplazada; o que dicha persona es parte apropiada en el pleito. Regla 4.6 de Procedimiento Civil, *supra*. En particular, la citada regla establece que:

> (a) Cuando la persona a ser emplazada esté fuera de Puerto Rico, o que estando en Puerto Rico no pudo ser localizada después de realizadas las diligencias pertinentes, o se oculte para no ser emplazada, o si es una corporación extranjera sin agente residente, **y así se compruebe a satisfacción del tribunal mediante declaración jurada que exprese dichas diligencias**, y aparezca también de dicha declaración, o de la demanda presentada, que existe una reclamación que justifica la concesión de algún remedio contra la persona que ha de ser emplazada, o que dicha persona es parte apropiada en el pleito, el tribunal podrá dictar una orden para disponer que el emplazamiento se haga por un edicto. No se requerirá un diligenciamiento negativo como condición para dictar la

orden que disponga que el emplazamiento se haga por edicto. La orden dispondrá que la publicación se haga una sola vez en un periódico de circulación general de la Isla de Puerto Rico. La orden dispondrá, además, que dentro de los diez (10) días siguientes a la publicación del edicto se le dirija a la parte demandada una copia del emplazamiento y de la demanda presentada, por correo certificado con acuse de recibo o cualquier otra forma de servicio de entrega de correspondencia con acuse de recibo, siempre y cuando dicha entidad no posea vínculo alguno con la parte demandante y no tenga interés en el pleito, al lugar de su última dirección física o postal conocida, a no ser que se justifique mediante una declaración jurada que a pesar de los esfuerzos razonables realizados, dirigidos a encontrar una dirección física o postal de la parte demandada, con expresión de éstos, no ha sido posible localizar dirección alguna de la parte demandada, en cuyo caso el tribunal excusará el cumplimiento de esta disposición. (Énfasis nuestro).

Al respecto, el Tribunal Supremo de Puerto Rico ha reiterado la necesidad de que la parte demandante acredite al tribunal las diligencias que llevó a cabo para localizar sin éxito a la parte demandada mediante el emplazamiento personal y, de esa manera, justificar la solicitud de un emplazamiento por edicto. *Lanzó Llanos v. Blanco de la Vivienda,* 133 DPR 507, 513 (1993). De conformidad, la declaración jurada que acredite tales diligencias deberá detallar los hechos específicos dirigidos a localizar a la parte demandada, no meras conclusiones o generalidades. *Sánchez Ruiz v. Higueras Pérez et al.,* 203 DPR 982, 988 (2020). Entre otros, deberá puntualizar las personas con quienes investigó y su dirección; e inquirir información de las autoridades de la comunidad tales como la policía, la alcaldía o el servicio postal quienes han de conocer el paradero de las personas que viven en su comunidad. *Íd.*

Sobre este tema, el Tribunal Supremo, citando al tratadista Cuevas Segarra, expuso que, para dar cumplimiento a la Regla 4.6 de las Reglas de Procedimiento Civil, *supra,* la declaración jurada deberá comprobar las diligencias vigorosas y el esfuerzo honesto para citar personalmente a la parte demandada. *Íd.,* pág. 989; J.A. Cuevas Segarra, *Tratado de derecho procesal civil,* 2da ed., San Juan, Pubs. JTS, 2011, T. I, pág. 356. Análogamente, el tratadista

R. Hernández Colón analizó que, la declaración jurada del emplazador deberá hacer constar con exactitud la totalidad de las gestiones realizadas dirigidas a localizar a la parte demandada, sin alegar meras conclusiones. R. Hernández Colón, *Derecho procesal civil,* 6ta ed., San Juan, Ed. Lexis Nexis, 2017, págs. 269-270, citado en *Sánchez Ruiz v. Higueras Pérez et al.*, supra, pág. 989.

Una vez la parte demandante pruebe de forma fehaciente que realizó las gestiones potencialmente efectivas para encontrar a la parte demandada, el tribunal podrá otorgar el permiso para el emplazamiento por edicto. *Íd.*

En virtud de los incisos 3 y 4 de la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2(3)y(4), una parte demandada puede solicitar la desestimación de la causa de acción en su contra, ante la insuficiencia del emplazamiento o de su diligenciamiento. Lo antes, debido a que el objetivo del emplazamiento es notificar a la parte demandada sobre la acción judicial incoada en su contra, sin lo cual, el tribunal no adquiere jurisdicción sobre ella. *SLG Rivera-Pérez v. SLG Díaz-Doe et al.*, supra, págs. 646-647.

### III.

En su recurso, el peticionario señala la comisión de dos errores. En ambos arguye que, los recurridos no cumplieron con los requerimientos de la Regla 4.6 de las Reglas de Procedimiento Civil, *supra,* por lo que presuntamente no ha sido notificado adecuadamente sobre el presente pleito. Sobre tales bases, solicita que ejerzamos nuestra discreción y expidamos el auto de *certiorari,* revoquemos la orden del TPI que autoriza el emplazamiento por edicto y devolvamos el asunto al foro primario para la continuación de los procesos.

Surge del expediente que, el TPI autorizó emplazar por edicto al Sr. Alejandro Figueroa tras evaluar la declaración jurada que

ofreció el emplazador, Pedro Acevedo. Consta de dicha declaración que el emplazador acudió a la dirección que proveyó el peticionario en un pleito separado que este último instó en contra de los recurridos, a saber: Cove of the Sea, 100 Carretera 6690 Apto 10601, Vega Alta, Puerto Rico 00956. Sin especificar, fecha, hora y número de intentos, el emplazador expuso que, el acceso eléctrico del referido condominio no le permitió el paso debido a que la mencionada dirección corresponde a la dirección postal del peticionario, sin poseer el número del apartamento como tal.

Adicionalmente, el emplazador relató que realizó múltiples llamadas al peticionario al número 787-612-0573 sin lograr comunicación con él. Lo antes, sin tampoco especificar fecha, hora y número de intentos. Detalló además que, la secretaria del Lic. Fernando L. Meléndez López, representante legal de los recurridos, logró contactar al peticionario y que este último instruyó referir al emplazador a su abogado, el Lic. Alberto Rivera, a los fines de coordinar la entrega del emplazamiento en su oficina legal. En cumplimiento con lo anterior, el 3 de agosto de 2023 a las 4:17pm, el emplazador declaró haberse comunicado con el Lic. Alberto Rivera sobre el particular, quien le informó que el peticionario "no renunciaba a ser emplazado ni facilitaría el emplazamiento."[14]

El emplazador añadió en su declaración jurada que, realizó una búsqueda infructuosa a través de medios electrónicos sin especificar en qué consistió la mencionada búsqueda, ni la fecha, hora, duración y alcance de dicha gestión. De igual manera expresó que desconoce el lugar de trabajo del peticionario y cualquier otra dirección en donde pueda diligenciar el emplazamiento en cuestión.

Cónsono con lo resuelto por el Tribunal Supremo en *Sánchez Ruiz v. Higueras Pérez et al.*, supra, la declaración jurada del

---

[14] Apéndice, pág. 55.

emplazador carece de los nombres y las direcciones de las personas que él contactó en su ejercicio investigativo para dar con el paradero del peticionario. Además, no surge de dicha declaración jurada que el Sr. Pedro Acevedo acudió a la Comandancia de la Policía, a la Casa Alcaldía o al servicio postal como parte de sus esfuerzos por localizar y emplazar al Sr. Alejandro Figueroa, lo cual nuestro más Alto Foro considera es una buena práctica para indagar sobre la residencia o el paradero de personas demandadas a ser emplazadas. *Íd.*

Ciertamente, las diligencias que el emplazador declaró bajo juramento haber efectuado son insuficientes para justificar un emplazamiento por edicto. Resumiendo, la declaración jurada carece de hechos específicos en torno a la cantidad de ocasiones que visitó el Condominio Cove of the Sea, y sobre las fechas y horario de tales visitas. Análogamente, no detalló las fechas, horas y cantidad de llamadas telefónicas al celular del peticionario. Tampoco expuso en qué consistió la búsqueda por medios electrónicos a la cual hizo referencia en su declaración. Limitó su declaración para informar su desconocimiento sobre el lugar de trabajo del peticionario sin exponer sus gestiones para identificar el mismo. Por último, no agotó esfuerzos por dar con el paradero del peticionario a través de las autoridades de la comunidad.

A lo anterior se añade que, no se colige del expediente qué gestiones hicieron los recurridos dirigidas a dar cumplimiento a la Regla 4.5 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 4.5, ante el hecho de que el peticionario no renunció a ser emplazado.

Ante este cuadro fáctico, concluimos que el emplazador no realizó las diligencias vigorosas y el esfuerzo requerido para citar personalmente al Sr. Alejandro Figueroa, tal cual lo exige la normativa expuesta. En virtud de lo anterior, el foro primario erró en su adjudicación del petitorio desestimatorio al amparo de la Regla

10.2 y 4.6 de las Reglas de Procedimiento Civil, *supra.* De nuestro análisis del expediente y conforme la normativa antes expuesta, colegimos que, las gestiones esbozadas en la declaración jurada del emplazador no fueron suficientes para autorizar a los demandados a emplazar al peticionario mediante edicto. Los errores señalados se cometieron.

**IV.**

Por los fundamentos anteriormente expuestos, expedimos el auto de *certiorari* y revocamos el dictamen recurrido.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones